UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALEEM D. ALI, | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| -vs- | Civil Action No. 05-2459 (SDW) |
| HILTON GATEWAY, ET AL.,<br>Defendants. | |

## BACKGROUND

On May 10, 2005, pro se plaintiff, Saleem D. Ali, filed a complaint against Hilton Gateway, J.R. Faison, and Jack Martino ("Defendants"), alleging claims of retaliation, sexual harassment, and unlawful termination in violation of Title VII of the Civil Rights Act of 1964, the American with Disabilities Act, and the Age Discrimination in Employment Act. On August 9, 2005, Defendants filed a Motion to Dismiss Plaintiff's Complaint, which was granted in part and denied in part. In the Order dated March 28, 2006, Judge Bassler dismissed all counts against Defendants J.R. Faison and Jack Martino and dismissed all but one claim against Hilton Gateway. Thus, as of March 28, 2006, the sole claim remaining is Plaintiff's Title VII claim for sexual discrimination. (See Dkt. Entry #11).

On July 24, 2006, Defendant served upon Plaintiff its First Request for Admissions, First Request for the Production of Documents, Initial Interrogatories, and Rule 26(a)(1) Disclosures. Plaintiff did not respond to any of Defendant's requests. On August 31, 2006, Defendant sent Plaintiff a letter advising him that discovery responses were overdue. However, Plaintiff never claimed the letter and it was returned to Defendant. On September 14, 2006, Defendant sent another letter to Plaintiff requesting an alternate address. Plaintiff failed to respond to that letter. All other correspondences sent to Plaintiff by Defendant and by this Court have been returned as undeliverable. (See Dkt. Entries #7, 15, 18, 19, 25, 26). On September 27, 2006, Defendant sent a letter to the Court outlining these discovery delinquencies. (Dkt. Entry #23). On October 3, 2006, the Court issued a letter order, scheduling an in-person conference for November 6, 2006. (Dkt. Entry #24). The Order expressly warned that failure to appear would result in sanctions, up to and including dismissal. This Order was sent to Plaintiff at his last known address, but was returned as undeliverable. On November 8, 2006 this Court issued a Show Cause Order directing Plaintiff to appear on November 30, 2006 and to file any written submissions by November 22, 2006. Plaintiff did not file any written submission and failed to appear for the Order to Show Cause Hearing.

## DISCUSSION

Plaintiff's failure to inform the Court of his current address and to prosecute this case require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of

dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense. Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper. First, dismissal is appropriate because the Plaintiff alone is responsible for the prosecution of his claims as he is proceeding pro se. His failure to keep the court informed of his location amounts to an abandonment of his claims. It is the duty of a pro se litigant to inform the court and his adversaries when his address changes; a failure to do so will justify dismissal. See Burns v. Glick, et al., 158 F.R.D. 354, 356 (E.D. Pa. 1994). The court in Burns dismissed a pro se litigant's complaint for such a failure. Thus, it is the sole responsibility of Ali "to ensure that the litigation proceeded in accordance with the scheduling order." Id. In addition, Plaintiff's failure to respond to Defendant's discovery requests and appear at court-ordered hearings and conferences amounts to an abandonment of prosecution. Therefore, both his failure to apprise the court and his adversary of his location and his lack of effort to participate in discovery and comply with this Court's orders amounts to a willful failure prosecute. Here, Plaintiff is pro se and it is solely his responsibility to keep this Court and his adversary apprised of his current address. Furthermore, as a pro se, it is the plaintiff's duty to ensure that discovery demands are complied with. Plaintiff's failure to do so and to communicate with this Court demonstrates its lack of interest in prosecuting this action.

Second, I am satisfied that Defendant Hilton Gateway has been prejudiced by Plaintiff's failure to notify the court of his current address and to participate in the discovery process. The Defendant cannot adequately prepare a defense to this suit without the participation of Plaintiff in discovery. The plaintiff "must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process." Richardson v. Cox, No. 91-7830, 1993 WL

481723, *2 (E.D. Pa. November 17, 1993).  Ali's cooperation and participation, therefore, is vital, and his failure to file a written submission explaining why sanctions are inappropriate, convince this Court that he has abandoned the case.  Thus, Plaintiff's failures make it impossible for the case to proceed.

Third, there is a history of non-compliance here. Plaintiff has failed to participate meaningfully in this case since its filing, well over a year ago. Moreover, Plaintiff has failed to appear before this Court when ordered to do so on two occasions.  This amounts to a history of dilatoriness justifying dismissal.

Fourth, based on the totality of circumstances here, I am satisfied that the Plaintiff here has made a willful decision not to prosecute this civil action as demonstrated by this pattern of non-compliance.

Fifth, alternative sanctions would not be appropriate.  Plaintiff has demonstrated an apparent lack of desire to prosecute this civil action.  As such, a monetary sanction would be meaningless and ineffective. While dismissal is an extreme sanction, Rule 41(b) authorizes a district court to dismiss an action for failure "to prosecute or to comply with these rules or any order of the court."  FED. R. CIV. P. 41(b).

As to the sixth factor, I cannot determine the meritoriousness of the remaining claim based upon my review of the pleadings.

Five of the six Poulis factors weigh in favor of dismissal.  Not all of the Poulis factors need be satisfied.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, the Plaintiff failed to comply with Orders of this Court.  Therefore, Plaintiff's inaction warrants the sanction of dismissal.

## **CONCLUSION**

For the reasons set forth above, I recommend that Plaintiff's complaint be dismissed with prejudice.

The parties have ten (10) days from receipt hereof to file and serve objections.


Respectfully submitted,


*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**



Dated:      December 15, 2006
Original:   Clerk
cc:         Hon. Susan D. Wigenton, U.S.D.J.
            File